UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DOMINICA CASTORO-HARRIGAN,
JOSE NIETO, DOROTHY BALDWIN,
and THERESA CIMINO, individually
and on behalf of all others similarly
situated,**

       **Plaintiffs,**

vs.                                                                           Case No. _____

**PUBLIX SUPER MARKETS, INC.,**

       **Defendant.**

_____ /

## COMPLAINT - JURY DEMANDED

Plaintiffs, Dominica Castoro-Harrigan, Jose Nieto, Dorothy Baldwin and Theresa Cimino, on their own behalf and on behalf of other similarly situated persons (collectively "Plaintiffs"), sue Defendant, Publix Super Markets, Inc., and allege:

### I.  PRELIMINARY STATEMENT

1.     This is a collective action for recovery of unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  The Plaintiffs and the collective of similarly situated employees they seek to represent are former and current employees of Publix Super Markets, Inc. d/b/a Publix (hereinafter "Publix" or "Defendant").  Publix is a grocery store chain which does business throughout Florida, Georgia, Alabama, South Carolina and Tennessee.  Publix pays overtime wages to certain of its non-exempt employees in its retail grocery stores, including the Plaintiffs, who work in excess of forty (40) hours in a work week and are paid according to a fluctuating work week method (hereinafter "FWW" or "Chinese Overtime").  Publix fails to include certain

non-discretionary bonuses into Plaintiffs' overtime payment calculations which results in an underpayment of overtime wages and precludes the legal use of the FWW payment method.

2. Publix' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-discretionary bonuses to be included in the "regular rate" when calculating overtime wages for non-exempt employees working in excess of forty (40) hours in a work week. *See 29 U.S.C. § 201, et seq. and 29 CFR § 778.211*.

3. Publix is also in violation of the FLSA for paying the Plaintiffs and those similarly situated under a FWW method because their salary is not "fixed" due to the receipt of substantial periodic non-discretionary bonuses. *See 29 CFR § 778.211 and 29 CFR § 778.114*. These non-discretionary bonuses are typically paid every thirteen weeks and one at the end of the year. These non-discretionary bonuses may total approximately 18% of the Plaintiffs' total annual compensation. Because their salary is not "fixed" in any given work week, the Plaintiffs should have been paid at a rate of "time and one-half" their "regular rate" for all hours worked in excess of forty (40) in a work week.

4. Plaintiffs, and those similarly situated, are non-exempt former and current employees of Publix' who have worked in excess of forty (40) hours in a work week in the past three years; received periodic non-discretionary bonuses which were not considered in their overtime compensation; and were paid on a FWW basis.

## II. JURISDICTION, PARTIES AND VENUE

5. This court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Publix is a Florida for-profit corporation which transacts business as a grocery store chain in this District and the State of Florida as well as other states in the southeastern United States and is subject to the jurisdiction of this court.

7. Plaintiff Dominica Castoro-Harrigan is an individual and resident of Alachua County, Florida. She was employed by Publix from approximately June 2008 until April 2011 in Bay County, Florida. Within the three years period immediately preceding the filing of this suit, she was employed in the position of Assistant Deli Manager. She is a former "employee" of Publix within the meaning of the FLSA.

8. Plaintiff Jose Nieto is an individual and resident of St. Lucie County, Florida. He was employed by Publix from approximately September 2008 until December 2011. Within the three year period immediately preceding the filing of this suit, he was employed as an Assistant Bakery Manager and a Bakery Manager for Publix in St. Lucie County, Florida. He is a former "employee" of Publix within the meaning of the FLSA.

9. Plaintiff Dorothy Baldwin is an individual and resident of Lee County, Florida. She was employed by Publix from approximately January 2005 until July 2010. Within in the three year period immediately preceding this filing of this suit, she was employed as a Deli Manager for Publix in Ft. Myers, Florida. She is a former "employee" of Publix within the meaning of the FLSA.

10. Plaintiff Theresa Cimino is an individual and resident of Lee County, Florida. She was employed by Publix from approximately November 2005 until August 2011. Within in the three year period immediately preceding this filing of this suit, she

was employed as an Assistant Deli Manager for Publix in Ft. Myers, Florida. She is a former "employee" of Publix within the meaning of the FLSA.

11. Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391(b)(2), because a substantial portion of the events forming the basis of the suit occurred in this District. Plaintiff Castoro-Harrigan was employed by Publix in Bay County, Florida.

12. The written consents to join this action of Plaintiffs Castoro-Harrigan, Nieto, Baldwin, and Cimino are attached hereto as Exhibit 1 and are incorporated herein by reference.

13. There are numerous other current and former employees of Publix who are similarly situated to Plaintiffs Castoro-Harrigan, Nieto, Baldwin, and Cimino in that they are or were non-exempt employees of Publix within the three year period immediately preceding the filing of this suit that worked in excess of forty hours in a work week, received non-discretionary bonus payments which were not included in their overtime wage calculations, and were paid overtime based on a FWW a/k/a "Chinese Overtime" basis.

### III. FACTS

14. Publix is a large retailer of groceries with its corporate office located in Lakeland, Florida and stores located in Florida, Georgia, Alabama, South Carolina and Tennessee. The groceries it sells come from states outside these listed and from other countries.

15. Publix's retail stores are organized by departments, including Grocery, Bakery, Meat, Produce, Deli and Customer Service. Each department employs, among

others, managers and assistant managers.  Publix uniformly treats these management employees as "non-exempt" under the FLSA and pays them based on a FWW basis.

16.     Under the FWW payment method utilized by Publix, Department Managers and Assistant Department Managers receive a "base salary" which is used to calculate the weekly pay.  They receive their "base salary" for hours worked up to forty (40) in a work week.  When they work in excess of forty (40) hours in a work week, their weekly compensation is their "base salary" plus one-half their "regular rate" for eachl hour worked in excess of forty (40) in a work week.  The "regular rate" is calculated by dividing the "base salary" by the total number of hours worked in a work week.  This "regular rate" is then divided by two (2) and multiplied by the number of hours worked in excess of forty (40) in a work week.  The employee's compensation for the work week is the "base salary" plus this extra payment for hours worked in excess of forty (40) in a work week.

17.     Department Managers and Assistant Department Managers are paid four (4) quarterly bonuses which are earned over the course of each quarter.  The amount of the bonuses is based on a number of factors, including, among others, whether the employee is a Department Manager or an Assistant Department Manager, the performance of the store where they are employed, the performance of the department in which they are employed, and the employee's individual performance.  Department Managers are also paid a year-end bonus based on similar criteria (this bonus is not the same as the Christmas bonus paid to employees), which is earned over the course of the year.  These quarterly and yearly bonuses were, and are, "non-discretionary" bonuses paid to employees compensated under Publix's FWW plan.  Publix uses the

payment of these "non-discretionary" bonuses to recruit employees to work for them; the payment of these bonuses is expected by the employees; the amount of the bonus is determined by a formula; and Publix announces in advance that it is going to pay these bonuses.

18. Plaintiffs were all employed as Department or Assistant Department Managers and were paid accordingly to the FWW method described herein. The Plaintiffs who were employed as Assistant Department Managers were paid quarterly bonuses. The Plaintiffs who were employed as Department Managers were paid quarterly bonuses and yearly bonuses. None of them were paid overtime compensation on these "non-discretionary" bonuses paid by Publix. The quarterly and yearly bonus payments paid to Plaintiffs were not included in the "regular rate" determination for the weeks in which the bonuses were tendered. The quarterly "non-discretionary" bonuses were not re-allocated to the overtime hours worked in the quarter to adjust and recalculate the weekly "regular rate" for the overtime hours worked in the quarter. Similarly, the yearly "non-discretionary" bonuses were not re-allocated to the fifty-two (52) weeks in the year to adjust and recalculate the weekly "regular rate" for the overtime hours worked in the year.

19. The quarterly and year-end bonuses described herein and paid to the Plaintiffs are "non-discretionary" within the meaning of FLSA.

20. Publix's failure to include these "non-discretionary" bonuses resulted in an underpayment of overtime pay to the Plaintiffs under the FWW because the weekly "regular rate" actually used by Publix was less than it should have been had the bonuses been included as required by the FLSA.

21.     Publix's use of the FWW method to pay the Plaintiffs was improper under the FLSA because the Plaintiffs did not receive a "fixed salary" as the bonuses varied in amount.  The Plaintiff who were employed as Department Managers had had five (5) weeks in which their pay substantially increased as a result of the receipt of "non-discretionary" bonuses.  The Plaintiffs who were employed as Assistant Department Managers had four (4) weeks in which their pay substantially increased as a result of the receipt of "non-discretionary" bonuses.  The bonuses themselves were subject to variation in amount.  As a consequence, the Plaintiffs were not paid a "fixed" salary as required by the FWW method of payment.

22.     Because the salary was not "fixed," Plaintiffs should have been paid at a rate of one and one-half times their "regular rate" (which should include "non-discretionary" bonuses) for all hours worked in excess of forty (40) in a work week.

23.     The Plaintiffs were all compensated on a uniformly applied FWW method irrespective of the specific nature of the work they performed or position in which they were employed.  The FWW method of payment applied to the Plaintiffs results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiffs.  The manner in which in Publix applies the FWW method is uniform across all departmental management positions at all retail stores operated by Publix in the Florida, Georgia, Alabama, South Carolina and Tennessee.

24. As such, the collective of similarly situated individuals the named Plaintiffs seek to represent is defined as:

> All current and former Publix Department and Assistant Department Managers employed at its retail stores in Florida, Georgia, Alabama, South Carolina and Tennessee who during the three year period immediately preceding the filing of this case were paid on a FWW basis; who worked in excess of forty (40) hours in any work week in the three year period; and who were paid quarterly and/or yearly bonuses.

## IV. CAUSE OF ACTION

25. Plaintiffs reallege and incorporate by reference above paragraphs 1-24.

26. At all times material to this action, Publix has been an employer within the meaning of § 3(d) of the FLSA. 29 U.S.C. § 203(d).

27. At all times material to this action, Publix has been an enterprise within the meaning of § 3(r) of the FLSA, 29 U.S.C. § 203(r), in that, through unified operation and common control, Publix is and has been engaged in the performance of related activities for a common business purpose, to wit: retailing groceries to the public for a profit.

28. At all times material to this action, Publix has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(B) in that it has employees engaged in commerce or in the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, has been and is engaged in the operation of an institution primarily engaged in providing retail sales to the public of groceries, and has a annual gross volume of sales of more than $500,000.

29. Publix' practice of failing to pay Plaintiffs overtime based on the inclusion of "non-discretionary" bonuses in the "regular rate" and paying under the FWW method violates the FLSA. 29 U.S.C. § 207(a).

30. Publix has engaged in a pattern or practice of knowing, willful and reckless disregard of the FLSA and its regulations in that Publix has failed to pay Plaintiffs their legal overtime compensation.

31. Publix's failure to pay overtime pay to Plaintiffs in accordance with FLSA and its regulations was neither reasonable, nor in good faith.

32. Plaintiffs are entitled to recover their unpaid overtime compensation plus an equal amount as liquidated damages. 29 U.S.C. § 216(b).

33. Additionally, Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## V. JURY DEMAND

34. Plaintiffs demand a jury trial of all issues so triable.

## VI. PRAYER

WHEREFORE, Plaintiffs pray that this Honorable Court:

　　a. authorize Plaintiffs to send notice to similarly situated employees of Publix informing them of the pendency of this action and their right to join it pursuant to 29 U.S.C. § 216(b);

　　b. enter judgment against Defendant and in favor of Plaintiffs and others similarly situated awarding compensation for all unpaid overtime wages that Defendant has failed and refused to pay in violation of the FLSA and an equal amount as liquidated damages;

c. enter judgment against Defendant and in favor of Plaintiffs awarding them their attorney's fees, costs, and expenses of this action as provided by the FLSA;

d. enter judgment against Defendant and in favor of Plaintiffs awarding, to the extent permitted by law, prejudgment interest as allowed by law; and

e. order such further relief as is equitable and just.

s/Sean Culliton
SEAN CULLITON
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, Florida 32303
sean.culliton@gmail.com
(850) 385-9455
(813) 441-1999 (fax)
Florida Bar No. 986232

s/John C. Davis
JOHN C. DAVIS
The Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
john@johndavislaw.net
(850) 222-4770
(850) 222-3119 (fax)
Florida Bar No. 827770

Attorneys for Plaintiffs